**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MCDONALD'S CORPORATION, MCDONALD'S USA, LLC, LEXI MANAGEMENT, LLC, and DAK4, LLC,

Plaintiffs,

v.

AUSTIN MUTUAL INSURANCE COMPANY,

Defendant.

No. ______________________

Judge:

Magistrate Judge:

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND OTHER RELIEF**

Plaintiffs McDonald's Corporation, McDonald's USA, LLC, Lexi Management, LLC and DAK4, LLC, by and through their legal counsel, for their Complaint for Declaratory Judgment, Breach of Contract and Other Relief against Austin Mutual Insurance Company ("Austin Mutual"), state as follows:

**NATURE OF ACTION**

1. This insurance coverage dispute arises from a lawsuit filed against Plaintiffs captioned *Taynarvis Massey, et al. v. McDonald's Corporation, et al*., Case No. 2020 CH 04247, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division ("the Massey Lawsuit"). Plaintiffs have a dispute with Austin Mutual concerning the extent of its coverage obligations to Plaintiffs in connection with the Massey Lawsuit. Austin Mutual has breached its duties to defend Plaintiffs in connection with the Massey Lawsuit under policies of insurance issued to Lexi Management, LLC and DAK4, LLC. Through this action, Plaintiffs now seek to secure insurance coverage from Austin Mutual in accordance with its coverage obligations to Plaintiffs.

## PARTIES

2. Plaintiff McDonald's Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois. McDonald's Corporation has established a quick service restaurant business operating under the brand McDonald's with over 38,000 restaurants in 119 countries, including the United States.

3. Plaintiff McDonald's USA, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. McDonald's USA's sole member is McDonald's Corporation. McDonald's USA, LLC franchises McDonald's restaurants in the United States. McDonald's Corporation and McDonald's USA, LLC are collectively referred to herein as "McDonald's."

4. Plaintiff Lexi Management, LLC ("Lexi") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Lexi's members are Tonnette Williams and her minor daughter, both citizens of Illinois. Until approximately June 15, 2020, Lexi owned and operated a McDonald's franchise located at 207 E. 35th Street in Chicago, Illinois.

5. Plaintiff DAK4, LLC ("DAK4") is an Illinois limited liability company with its principal place of business in Itasca, Illinois. DAK4's members are John Dakajos, a citizen of Illinois, and the John Dakajos Children's Trust. The trustees and beneficiaries of the John Dakajos Children's Trust are citizens of Illinois. DAK4 owns and operates a McDonald's franchise located at 10320 S. Kedzie Avenue in Chicago, Illinois.

6. Defendant Austin Mutual Insurance Company is a Minnesota corporation with its principal place of business in Maple Grove, Minnesota.

7. Upon information and belief, Austin Mutual is a wholly-owned subsidiary of Main Street America Group, Inc., which in turn is a wholly-owned subsidiary of AmFam, Inc.

Upon information and belief, AmFam, Inc. is a wholly-owned subsidiary of American Family Mutual Insurance Company, S.I. (“American Family”).

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has personal jurisdiction over Austin Mutual because it transacts business in Illinois and because it directed its conduct that is at issue to Plaintiffs in Illinois.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Austin Mutual is a resident of this judicial district as defined by 28 U.S.C. § 1391(d), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

**THE BUSINESSOWNERS POLICIES**

10. Austin Mutual issued a “BUSINESSOWNERS” Policy to Lexi for the period March 1, 2020 to March 1, 2021 (the “Lexi Policy”). Lexi is an “insured” under the Lexi Policy. The Lexi Policy was cancelled effective on or about June 15, 2020. A true and correct copy of the Lexi Policy is attached hereto as Exhibit A and incorporated herein by reference.

11. Austin Mutual issued a “BUSINESSOWNERS” Policy to DAK4 for the period March 1, 2020 to March 1, 2021 (the “DAK4 Policy”). DAK4 is an “insured” under the DAK4 Policy. A true and correct copy of the DAK4 Policy is attached hereto as Exhibit B and incorporated herein by reference. The Lexi Policy and the DAK4 Policy are collectively referred to herein as the “Policies.”

12. The Policies provide that the term “insured” as used in the Policies also includes:

McDonald's Corporation, McDonald's USA, LLC, any parent, subsidiary or affiliated company now existing or hereafter acquired or constituted and any company, partnership or joint venture created, owned or controlled by McDonald's Corporation, McDonald's USA, LLC, any parent, subsidiary or affiliated company.

13. The Policies provide that:

[Austin Mutual] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. [Austin Mutual] will have the right and duty to defend the insured against any "suit" seeking those damages.

14. The Policies state that the insurance applies if "bodily injury" is (1) "caused by an 'occurrence' that takes place in the 'coverage territory' during the policy period" and (2) "occurs during the policy period."

15. The Policies define "bodily injury" as "bodily injury, sickness, disease or mental anguish sustained by a person, including death resulting from any of these at any time."

16. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

17. The Policies define "coverage territory" to include "the United States of America (including its territories and possessions), Puerto Rico and Canada."

## AUSTIN MUTUAL'S FAILURE TO DEFEND PLAINTIFFS

18. The Massey Lawsuit is a "suit" seeking damages against "insureds" McDonald's, Lexi and DAK4 because of "bodily injury" as those terms are defined in the Policies.

19. The alleged "bodily injury" in the Massey Lawsuit was caused by one or more "occurrences" that took place in the "coverage territory" during the periods of the Policies as those terms are defined in the Policies.

20. No exclusion in the Policies eliminates the possibility that, based on the facts alleged in the complaint in the Massey Lawsuit and additional facts known to Austin Mutual,

McDonald's, Lexis and DAK4 could be liable in the Massey Lawsuit for damages covered by the Policies.

21. On or about May 20, 2020, Lexi contacted its insurance broker by telephone and requested that the broker advise Austin Mutual of the existence of the Massey Lawsuit. On information and belief, the broker notified Austin Mutual of the existence of the Massey Lawsuit the same day.

22. On or about May 22, 2020, attorneys representing DAK4 notified Austin Mutual of the existence of the Massey Lawsuit and sent a copy of the complaint in the Massey Lawsuit to Austin Mutual. A true and correct copy of the complaint in the Massey Lawsuit is attached hereto as Exhibit C.

23. On or about June 12, 2020, McDonald's sent a copy of the complaint in the Massey Lawsuit to Austin Mutual.

24. McDonald's, Lexi and DAK4 timely notified Austin Mutual of the Massey Lawsuit.

25. Austin Mutual has owed, and continues to owe, a duty to defend McDonald's and DAK4 under the DAK4 Policy with respect to the Massey Lawsuit.

26. Austin Mutual has owed, and continues to owe, a duty to defend McDonald's and Lexi under the Lexi Policy with respect to the Massey Lawsuit.

27. On or about May 22, 2020, in a telephone call between counsel for DAK4 and a representative of Austin Mutual, Austin Mutual's representative conveyed its position that it planned to deny coverage under the DAK4 Policy and would not defend DAK4 in connection with the Massey Lawsuit.

28. On or about July 9, 2020, in a telephone call between in-house counsel for McDonald's and in-house counsel for American Family, American Family's in-house counsel conveyed Austin Mutual's position that it planned to deny coverage under the Policies and would not defend McDonald's in connection with the Massey Lawsuit.

29. As of the date of filing this complaint, Austin Mutual has not conveyed to Lexi whether it accepts or denies coverage for the Massey Lawsuit under the Lexi Policy.

30. The reason Austin Mutual gave for refusing to defend McDonald's under the Lexi Policy is the same reason it gave for refusing to defend McDonald's and DAK4 under the DAK4 Policy.

31. As of the date of filing this complaint, McDonald's has incurred in excess of $1.5 million in attorneys' fees, costs and expenses in defending itself in the Massey Lawsuit.

32. As of the date of filing this complaint, DAK4 has incurred in excess of $62,164.00 in attorneys' fees, costs and expenses in defending itself in the Massey Lawsuit.

33. As of the date of filing this complaint, Lexi has incurred in excess of $53,998.00 in attorneys' fees, costs and expenses in defending itself in the Massey Lawsuit.

34. As of the date of filing this complaint, Austin Mutual has failed to reimburse McDonald's, Lexi or DAK4 for any of the attorneys' fees, costs and expenses they have incurred in defending themselves in the Massey Lawsuit.

**COUNT I**
**(Breach of Contract – Duty to Defend – DAK4 Policy)**

35. Plaintiffs incorporate and reallege the allegations in Paragraphs 1 through 34 as if the same were fully set out herein.

36. DAK4 has paid all premiums and McDonald's and DAK4 have substantially performed any and all conditions under the DAK4 Policy that have not been waived by Austin Mutual.

37. Austin Mutual has breached its contractual duty to defend McDonald's and DAK4 under the DAK4 Policy by failing to accept coverage or defend McDonald's and DAK4 in connection with the Massey Lawsuit.

38. As a direct and proximate result of Austin Mutual's breach of contract, McDonald's and DAK4 have suffered damages because, among other things, they have incurred and will incur attorneys' fees, costs and expenses to defend the Massey Lawsuit.

39. As a direct and proximate result of Austin Mutual's breach of contract, McDonald's and DAK4 have suffered damages because they have incurred and will incur attorneys' fees, costs and expenses in the instant coverage action.

**WHEREFORE**, McDonald's and DAK4 respectfully request that this Court enter a judgment:

a. Awarding McDonald's and DAK4 damages in an amount sufficient to compensate them for all damages resulting from the breach of contract by Austin Mutual, plus prejudgment interest;

b. Awarding McDonald's and DAK4 taxable costs under Section 155 of the Illinois Insurance Code, including but not limited to attorneys' fees and costs incurred in the instant coverage action; and

c. Awarding all other just and proper relief.

**COUNT II**
**(Declaratory Judgment – Duty to Defend – DAK4 Policy)**

40. Plaintiffs incorporate and reallege the allegations in Paragraphs 1 through 39 as if the same were fully set out herein.

41. Pleading in the alternative, pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy has arisen concerning Austin Mutual's duty to defend McDonald's and DAK4 under the DAK4 Policy with respect to the Massey Lawsuit. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

42. Pleading in the alternative, the issuance of a declaratory judgment with respect to the parties' dispute regarding whether Austin Mutual is obligated to defend McDonald's and DAK4 in connection with the Massey Lawsuit will terminate existing uncertainty and controversy between the parties relative to the construction of the DAK4 Policy and the parties' rights, status, and legal relations thereunder.

**WHEREFORE**, McDonald's and DAK4 request in the alternative entry of judgment in their favor and against Austin Mutual as follows:

a. Finding and declaring that that Austin Mutual is obligated to defend McDonald's and DAK4 against the Massey Lawsuit;

b. Awarding McDonald's and DAK4 taxable costs under Section 155 of the Illinois Insurance Code, including but not limited to attorneys' fees and costs incurred in the instant coverage action; and

c. Awarding such other and further relief that this Court deems proper under the evidence and circumstances.

**COUNT III**
**(Breach of Contract – Duty to Defend – Lexi Policy)**

43. Plaintiffs incorporate and reallege the allegations in Paragraphs 1 through 42 as if the same were fully set out herein.

44. Lexi has paid all premiums and McDonald's and Lexi have substantially performed any and all conditions under the Lexi Policy that have not been waived by Austin Mutual.

45. Austin Mutual has breached its contractual duty to defend McDonald's and Lexi under the Lexi Policy by failing to accept coverage or defend McDonald's and Lexi in connection with the Massey Lawsuit.

46. As a direct and proximate result of Austin Mutual's breach of contract, McDonald's and Lexi have suffered damages because, among other things, they have incurred and will incur attorneys' fees, costs and expenses to defend the Massey Lawsuit.

47. As a direct and proximate result of Austin Mutual's breach of contract, McDonald's and Lexi have suffered damages because they have incurred and will incur attorneys' fees, costs and expenses in the instant coverage action.

**WHEREFORE**, McDonald's and Lexi respectfully request that this Court enter a judgment:

a. Awarding McDonald's and Lexi damages in an amount sufficient to compensate them for all damages resulting from the breach of contract by Austin Mutual, plus prejudgment interest;

b. Awarding McDonald's and Lexi taxable costs under Section 155 of the Illinois Insurance Code, including but not limited to attorneys' fees and costs incurred in the instant coverage action; and

c. Awarding all other just and proper relief.

**COUNT IV**
**(Declaratory Judgment – Duty to Defend – Lexi Policy)**

48. Plaintiffs incorporate and reallege the allegations in Paragraphs 1 through 47 as if the same were fully set out herein.

49. Pleading in the alternative, pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy has arisen concerning Austin Mutual's duty to defend McDonald's and Lexi under the Lexi Policy with respect to the Massey Lawsuit. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

50. Pleading in the alternative, the issuance of a declaratory judgment with respect to the parties' dispute regarding whether Austin Mutual is obligated to defend McDonald's and Lexi in connection with the Massey Lawsuit will terminate existing uncertainty and controversy between the parties relative to the construction of the Lexi Policy and the parties' rights, status, and legal relations thereunder.

**WHEREFORE**, McDonald's and Lexi request in the alternative entry of judgment in their favor and against Austin Mutual as follows:

a. Finding and declaring that Austin Mutual is obligated to defend McDonald's and Lexi against the Massey Lawsuit;

b. Awarding McDonald's and Lexi taxable costs under Section 155 of the Illinois Insurance Code, including but not limited to attorneys' fees and costs incurred in the instant coverage action; and

c. Awarding such other and further relief that this Court deems proper under the evidence and circumstances.

Dated: August 27, 2020

MCDONALD'S CORPORATION and MCDONALD'S USA, LLC

By: /s/ Paul Walker-Bright
One of the Attorneys for Plaintiffs McDonald's Corporation and McDonald's USA, LLC

Angela R. Elbert (ARDC# 6236964)
aelbert@nge.com
Paul Walker-Bright (ARDC# 6226315)
pwalkerbright@nge.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, 17th Floor
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

LEXI MANAGEMENT, LLC

By: /s/ Steven L. Baerson
One of the Attorneys for Plaintiff Lexi Management, LLC

Steven L. Baerson (ARDC# 6209539)
slb@wb-legal.com
Williams & Baerson, LLC
One North LaSalle Street, Suite 1350
Chicago, Illinois 60602
Telephone: (312) 629-9003
Facsimile: (312) 629-9020

        DAK4, LLC

        By:    /s/ Sande S. Shamash
                   One of the Attorneys for Plaintiff DAK4, LLC

Anthony J. Madonia (ARDC# 6205042)
amadonia@madonia.com
Sande S. Shamash (ARDC# 6216829)
sshamash@madonia.com
ANTHONY J. MADONIA & ASSOCIATES, LTD.
2700 South River Road, Suite 150
Des Plaines, Illinois 60018
Telephone: (312) 578-9300
Facsimile: (312) 578-9303

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

          MCDONALD'S CORPORATION and
          MCDONALD'S USA, LLC

          By:  /s/ Paul Walker-Bright
                One of the Attorneys for Plaintiffs McDonald's Corporation and McDonald's USA, LLC

          LEXI MANAGEMENT, LLC

          By:  /s/ Steven L. Baerson
                One of the Attorneys for Plaintiff Lexi Management, LLC

          DAK4, LLC

          By:  /s/ Sande S. Shamash
                One of the Attorneys for Plaintiff DAK4, LLC